UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOE JEAN-LOUIS,

                  Plaintiff,

    -against-

NEW YORK CITY MAYOR,

                  Defendant.

1:24-CV-9580 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Joe Jean-Louis, who is currently held in the North Infirmary Command ("NIC") on Rikers Island, brings this action *pro se*.[1] While Plaintiff has not filed an *in forma pauperis* ("IFP") application and prisoner authorization, he has also not paid the fees to bring this action. Thus, the Court understands that Plaintiff is seeking to proceed IFP.

Plaintiff is barred, however, under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from bringing a federal civil action IFP, while he is a prisoner, unless he is under imminent danger of serious physical injury.[2] *See Jean-Louis v. Mayor City of New York*, ECF 1:23-CV-4286, 2 (S.D.N.Y. May 25, 2023) (recognizing Plaintiff as barred under Section 1915(g) and listing his "strikes"); *Jean-Louis v. Onafer Nuclear Power Plant*, No. 2:12-CV-1071, 2 (C.D. Cal. Feb. 22, 2012). Accordingly, because Plaintiff filed this

---

[1] Plaintiff filed his complaint while held in the NIC.

[2] Section 1915(g) provides that:

[i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

action while he is a prisoner and seeks to proceed in this action IFP, under Section 1915(g), he is barred from proceeding with this action IFP, unless he shows that he was under imminent danger of serious physical injury at the time that he filed his complaint.[3]

Plaintiff's complaint does not show that Plaintiff was under imminent danger of serious physical injury at the time that he filed his complaint. Instead, Plaintiff appears to be asserting claims against the Mayor of the City of New York due to the Mayor's alleged negligence in failing to build underground nuclear fallout shelters and to conduct emergency evacuation disaster drills. Plaintiff is therefore barred, under Section 1915(g), from bringing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and dismisses this action without prejudice, under the PLRA's "three-strikes" filing bar.[4] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred, under Section 1915(g), from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[5] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[3] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[4] Plaintiff may commence a new federal civil action by paying the required fees. If Plaintiff does so, that new civil action's complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[5] The court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the required fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including a "leave of court" requirement).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated: March 10, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3